[No. 14817.   Department One.   June 21, 1918.]

DRESCHER LUMBER COMPANY, *Respondent*, v. FOREST MILLS OF BRITISH COLUMBIA, *Appellant*.[1]

TRIAL—ADMISSION OF EXHIBIT—OBJECTION—SUFFICIENCY—WAIVER. An exhibit, being a statement of account containing an admission against defendant's interest, stated by plaintiff's counsel to have been received through the mail in response to a statement sent by them, cannot be objected to for the first time on appeal for want of identifying testimony, where the only objection below was on the ground that it was in the nature of a compromise and not containing any admission.

Appeal from a judgment of the superior court for King county, Card, J., entered October 1, 1917, upon findings in favor of the plaintiff, in an action on an account stated, tried to the court. Affirmed.

*Bronson, Robinson & Jones,* for appellant.
*Baxter & Jones,* for respondent.

TOLMAN, J.—This action was brought by the respondent upon an account stated, to recover the sum of $332.25, as a first cause of action; and the sum of

[1]Reported in 173 Pac. 630.

$12, being a custom entry fee of $1.20 per car on ten car-loads of lumber, paid for and on behalf of the appellant, as a second cause of action.

The evidence shows that the first cause of action is founded upon a purchase by the respondent from the appellant, on July 15, 1914, of a car-load of lumber f. o. b. appellant's mill, and the paying therefor at or before the time of shipment of the same of $1,012.83; that the lumber was shipped east on respondent's order, and when it reached the ultimate purchaser, it was rejected as not being up to grade. The appellant was duly notified of the rejection, and that the lumber would be sold for its account for the best price obtainable if no other directions were given by a date certain. The appellant not in any way replying to this notice, the respondent proceeded to have the lumber sold in lots as it could best market it, for the account of the appellant, and after deducting from the amounts received the added items of freight, discount, storage, inspection fees and commission, which, together with the sum originally advanced as payment, amounted to a total of $1,481.04, the respondent found that the appellant was indebted to it in the sum of $315.13. The balance of the amount claimed in the first cause of action was made up of a freight adjustment on another car.

The respondent introduced but one witness, and upon his testimony, and the various written instruments evidencing the various facts, made its case. The appellant challenged the sufficiency of the evidence at the close of the respondent's case and moved that the action be dismissed. This motion was denied. The appellant elected to stand upon its motion and introduced no evidence. Whereupon judgment was entered against the appellant and in favor of the respondent as prayed for in the complaint.

Respondent's exhibit E, introduced upon the trial of this case, sets up the various items of debit and credit involved in the handling of the car of lumber for the account of the appellant, showing freight as per expense bill, $295.45, and the other items charged to the appellant, making a total charge of $1,481.04, including the freight. Credit is given for the proceeds of the sale of the lumber in question in the amount of $1,-165.91, and the statement, exhibit E, shows a balance due the respondent upon that particular transaction of $315.13.

Respondent's exhibit H purports to be a counter statement made by the appellant to the respondent after the receipt by the appellant of exhibit E. And in this statement, exhibit H, appellant credits the respondent with $315.13, the balance shown to be due the respondent by exhibit E, but charges the respondent with the freight item of $295.45, which has already been referred to as charged to the appellant in respondent's exhibit E.

As we see it, the only real question in this case is, Was the statement, respondent's exhibit H, properly admitted in evidence? If so, it is binding upon the appellant as to the items which appear to be in dispute in the first cause of action, because, admitting and adopting the balance of $315.13, which could only have been taken from respondent's exhibit E, the appellant thereby admits that the respondent rightfully handled the shipment of lumber for its account; and having so admitted, there is no theory which could justify the appellant in charging the respondent with the freight item of $295.45, which was used as a debit against the appellant in the respondent's exhibit E, in which the balance of $315.13 due the respondent is arrived at.

We are unable to find any testimony in the record identifying exhibit H, or stating that it was ever re-

ceived by the respondent from the appellant. But counsel for respondent, without any such identification, produced the document and said:

 "(Respondent's counsel.) If the court please, this was received by our firm. I will offer that in evidence as a statement received by us from the Forest Mills. (Appellant's counsel.) For what purpose do you offer it? (Respondent's counsel.) Just to show that they accept our theory of settlement, namely, that we were handling the car for their benefit. (Appellant's counsel.) If the court please, I object to this paper for this reason: It appears that the parties here were in dispute about some claims. This is a statement showing that the Drescher Lumber Company owes us $32, or something like that, whatever it is there, and it is to be, I think, considered in no other way than a sort of compromise over the whole proposition and not an admission of the particular items thereon. It may be material for other purposes, but I object to it as containing any admission as to the correctness of any items. (Respondent's counsel.) I want to offer it for whatever it is worth. (The court.) Does it refer to the demand here? (Respondent's counsel.) Yes. (The court.) It may be marked. (Whereupon statement was received in evidence and marked plaintiff's exhibit H)."

Then follows an argument by respondent's counsel as to the effect of the document, and the court says: "You claim that that was received by you from them?" To which respondent's counsel replied: "Oh, yes. That was received by us. That was mailed to us in response to a statement that we sent them."

: It will be observed that counsel for the appellant nowhere objected to the introduction of the statement, exhibit H, upon the ground that there was no proof that it was made by the appellant or mailed by it to the respondent. He seems to have accepted the statement of opposing counsel as testimony in the case, and is, we think, bound thereby. Had the trial court's at-

tention been called to the lack of identifying testimony by a proper objection, the respondent, no doubt, would have supplied the omission, or the court would have sustained the objection. Not having objected upon the only sustainable ground, the appellant is now bound by his failure in that respect.

There seems to be no substantial dispute as to the other items in the first cause of action, or as to the $12 item set up in the second cause of action. There was some evidence to sustain these items, and none whatever to the contrary. The judgment of the trial court will therefore not be disturbed.

Judgment affirmed.

MAIN, C. J., PARKER, FULLERTON, and MITCHELL, JJ., concur.